# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LYNDA HUGGINS** | * | **DOCKET NO. 08-1397** |
| **VERSUS** | * | **JUDGE JAMES** |
| **UNIVERSITY OF LOUISIANA SYSTEM BOARD OF SUPERVISORS and THE UNIVERSITY OF LOUISIANA AT MONROE** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendants, the University of Louisiana at Monroe ("the University") and the University of Louisiana System Board of Supervisors ("the Board") (collectively "Defendants") [Doc. # 7]. The motion is opposed [Doc. #10]. For reasons stated below, it is recommended that the motion to dismiss be **GRANTED in part and DENIED in part**.

## BACKGROUND

On September 22, 2008, Plaintiff Lynda Huggins ("Huggins"), an employee of the University, filed the above-captioned action alleging that the University discriminated against her based on her sex and age by consistently paying her less than similarly situated male employees and similarly situated younger employees, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The complaint further alleges that Huggins was terminated without cause in retaliation for her complaints of discrimination. Huggins seeks monetary damages for pain and suffering,

physical injury, mental distress, humiliation, emotional distress, loss of income and employment, loss of benefits, and loss of retirement income. On December 2, 2008, the University and the Board filed the instant motion to dismiss on the following grounds: (1) Huggins' ADEA claim is barred by sovereign immunity and (2) the University lacks the capacity to be sued.[1] Defendants also seek costs and attorneys fees.

## LAW AND ANALYSIS

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The standard for dismissal under Rule 12(c) is the same as the standard for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Accordingly, the "District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The right to relief alleged must exceed mere speculation. *Id*. at 1965. If a complaint lacks an allegation regarding an essential element to obtain relief (or lacks allegations from which an inference may be fairly drawn), dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted).

Initially, the undersigned notes that although Defendants have cast their motion to dismiss

---

[1] Although Defendants do not specifically argue that Huggins' claims against the University should be dismissed on the ground that the University is not a juridical person, they do state that the University lacks the capacity to be sued and that the Board has the sole authority to sue or be sued. Moreover, Defendants' answer asserts the University's alleged non-juridical capacity as a defense [Doc. #5].

based on sovereign immunity as one pursuant to Federal Rule of Civil Procedure 12(c), the issue of sovereign immunity implicates this Court's subject matter jurisdiction, *Chapa v. United States Dep't of Justice*, 339 F.3d 388, 389 (5th Cir. 2003); therefore, the undersigned will construe Defendants' motion to dismiss on the ground of sovereign immunity under the standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction on any one of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). The instant motion falls within the first category.

Defendants seek dismissal on the basis of Eleventh Amendment sovereign immunity. It is well settled that "[t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department." *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted). "Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar." *Id.* Furthermore, "[a]bsent waiver, neither a State nor

agencies acting under its control may 'be subject to suit in federal court.'" *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684,687-688 (1993) (citations omitted). "[A] State waives Eleventh Amendment immunity "either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *Sullivan v. Univ. of TX Health Science Ctr. at Houston*, 217 Fed.Appx. 391 (5th Cir. 2007). The Eleventh Amendment bars suits for both money damages and injunctive relief against a state entity. *Darlak*, 814 F.2d at 1059. Moreover, the State of Louisiana has not explicitly waived its sovereign immunity.[2]

      Defendants contend that Huggins' ADEA claim is barred by sovereign immunity. Huggins does not dispute that the University and the Board are arms of the State of Louisiana and, therefore, that a suit against the two bodies is in fact a suit against the State. *See e.g. Delahoussaye v. New Iberia*, 937 F.2d 144, 148 (5th Cir. 1991) (finding that the University of Southwestern Louisiana is an arm of the State and is entitled to sovereign immunity);[3] *Richardson v. Southern Univ.*, 118 F.3d 450, 456 (5th Cir. 1997) (finding that Southern University and its Board of Supervisors is an arm of the State). Huggins also acknowledges that the Supreme Court has held that the ADEA does not abrogate the states' Eleventh Amendment sovereign immunity. *See Kimel v. Florida Bd. of Regents*, 538 U.S. 62 (2000). Therefore, absent a waiver, Huggins' ADEA claim is barred by sovereign immunity.

---

[2] *See* LSA-R.S. 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.").

[3] *See* LSA-R.S. 17:3217 ("The University of Louisiana System is composed of the institutions under the supervision and management of the Board of Trustees for State Colleges and Universities as follows: . . . (5) Northeast Louisiana University at Monroe . . . (8) University of Southwestern Louisiana at Lafayette.").

Huggins contends that Defendants possibly waived their Eleventh Amendment sovereign immunity by accepting federal funds and that discovery is needed in order to determine if Defendants have in fact done so.[4] In support of this argument, Huggins relies on *Miller v. Texas Tech Univ. Health Sciences Ctr.*, 421 F.3d 342, 346 (5th Cir. 2005), in which the Fifth Circuit held that the Louisiana Department of Education and Texas Tech University Health Sciences Center waived their sovereign immunity from suits under § 504 the Rehabilitation Act of 1973 by accepting federal funds that were expressly conditioned on waiver of immunity. In so finding, the court relied on 42 U.S.C. § 2000d-7, which states as follows in pertinent part:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 *et seq.*], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.], Title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d *et seq.*], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

*Id.* The court reasoned that § 2000d-7, by its plain language, "expressly and unambiguously states that parties waive their Eleventh Amendment immunity to actions under § 504 by accepting federal funds." *Id.* at 351.

Although Huggins appears to argue that if Defendants have accepted any federal funding they have waived their sovereign immunity to all suits in federal court, it is clear from § 2000d-7 and *Miller* that such acceptance would only waive sovereign immunity for suits under one of the enumerated statutes or any other statute "prohibiting discrimination by recipients of Federal financial assistance." *See also Hurst v. TX Dep't of Assistive and Rehabilitative Services*, 482

---

[4] In support or her waiver-by-acceptance-of-federal-funds argument, Huggins has submitted what appears to be a print-out from the University's website allegedly showing that the University has received federal funding [Doc. #10, Ex. 1].

F.3d 809, 811 (5th Cir. 2007) ("A state's receipt of federal funds does not automatically constitute a waiver of its Eleventh Amendment immunity.") Therefore, given that the ADEA is not specifically named in § 2000d-7, the question is whether the ADEA is a statute prohibiting discrimination by recipients of Federal financial assistance. *Id.* The Fifth Circuit has answered this question and found that the ADEA is not such a statute.

In *Sullivan v. Univ. of TX Health Science Ctr. at Houston*, 217 Fed.Appx. 391 (5th Cir. 2007), the court stated as follows in response to the plaintiff's argument that § 2000d-7 indicates that "a State, by accepting federal funds in whatever form, waives Eleventh Amendment Immunity against discrimination suits" and, therefore, that the state of Texas waived its sovereign immunity from ADEA claims by accepting federal funding:

> The question is whether the ADEA is a "Federal statute prohibiting discrimination by recipients of Federal financial assistance." Clearly it is not. The ADEA prohibits age discrimination by "employers," not by those who receive federal financial assistance. The fact that many employers receive federal assistance does not mean that the ADEA is a "statute prohibiting discrimination by recipients of Federal financial assistance." Texas's general acceptance of federal funding does not waive its Eleventh Amendment immunity from discrimination suits.

*Id.* at 394-95. Therefore, Defendants did not waive their sovereign immunity from ADEA claims by their alleged general acceptance of federal funding. Absent such waiver, Huggins' ADEA claim is barred by Eleventh Amendment sovereign immunity, and this Court lacks subject matter jurisdiction over this claim.[5] Accordingly, it is recommended that Defendants' motion to dismiss

---

[5] It is unclear from Huggins' complaint whether she intends for her retaliation claim to be brought under the ADEA, Title VII, or the FLSA, or all three statues, as all have anti-retaliation provisions. *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 215(a)(3). However, to the extent Huggins intends to assert an ADEA retaliation claim, such claim is also barred by sovereign immunity. *See Carter v. Mississippi*, 2006 WL 2827694, *4 (S.D. Miss., September 30, 2006) ("The jurisprudence is clear that claims of retaliation based solely on the ADEA are barred by the *Kimel* decision").

6

on this ground be GRANTED and that Huggins' ADEA claim be dismissed without prejudice.[6]

As Huggins notes, Defendants argue that Huggins' entire action should be dismissed because they are entitled to sovereign immunity from her ADEA claim; however, Huggins' complaint also alleges violations of Title VII and the FLSA. With regard to Huggins' FLSA claim, it is well-settled that sovereign immunity prevents an individual from bringing an action against a state in federal court for violation of certain provisions of the FLSA. *See Chauvin v. State of La. and Dep't Of Wildlife and Fisheries*, 937 F.Supp. 567, 570 (E.D.La. 1996) (sovereign immunity bars suit against state in federal court for violations of FLSA's wage provisions); *Biddlecome v. Univ. of TX*, 1997 WL 124220, *4 (S.D.Tex. March 13, 1997) (FLSA's overtime provisions may not be enforced against a state in federal court); *Alden v. Maine*, 527 U.S. 706, 712 (1999).

Notwithstanding the above authority, Huggins again contends that if Defendants have accepted federal funding, they have waived their sovereign immunity to FLSA suits. However, Huggins cites to no authority, nor is the undersigned aware of any authority, supporting the contention that the FLSA, which is not specifically named in § 2000d-7(a)(1), is a Federal statute prohibiting discrimination by recipients of federal financial assistance such that § 2000d-7(a)(1) would subject Defendants to suit in federal court for FLSA violations. Rather, by its plain language, the FLSA applies to employers and employees engaged in interstate commerce, not just those receiving federal funding. *See* 29 U.S.C. § 206, 207; *Jenkins v. Gary Eisner Interests,*

---

[6] Defendants ask this Court to dismiss Huggins' ADEA claim with prejudice; however, as noted above, sovereign immunity bears on this Court's subject matter jurisdiction, and a dismissal for lack of subject matter jurisdiction is without prejudice. *Sepulvado v. Louisiana Bd. of Pardons and Parole*, 114 Fed.Appx. 620, 622 (5th Cir. November 5, 2004) ("Dismissal for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), is without prejudice").

*Inc.*, 2005 WL 2045925, *1 (S.D.Tex. August 25, 2005) ("The parties agree, and the law is clear, that the FLSA provides coverage only to those employees engaged in interstate commerce."). Therefore, Huggins' argument that Defendants have waived their sovereign immunity to FLSA actions if they have accepted general federal funding is without support.

Nonetheless, sovereign immunity is not a defense to a claim under the Equal Pay Act, 29 U.S.C. § 206(d), which was enacted as a amendment to the FLSA and prohibits discrimination on the basis of sex by employers covered by the FLSA. *Scott v. Dallas County Hosp. Dist.*, 2003 WL 21500426, *1 (N.D.Tex. April 21, 2003) (citing *Siler-Khoder v. Univ. of TX Health Science Ctr. of San Antonio*, 261 F.3d 542 (5th Cir. 2001); *Carey v. Louisiana*, 2001 WL 1548962, *7 (E.D.La. Dec. 5, 2001); 20 U.S.C. § 206(d). Given that Huggins' complaint alleges that the University discriminated against her based on her sex by consistently paying her less than similarly situated male employees, Huggins presumably intends to allege a violation of the Equal Pay Act.[7] Therefore, Huggins is hereby GRANTED ten (10) days from the date of this Report and Recommendation in which to amend her complaint to allege a violation of the Equal Pay Act should she choose to do so. In the absence of a timely amendment alleging an FLSA claim not barred by sovereign immunity, it is recommended Defendants' motion to dismiss be GRANTED and that Huggins FLSA claim be dismissed without prejudice on sovereign immunity grounds.

As to Huggins' Title VII claim, it is well-settled that "Title VII clearly abrogated the States' Eleventh Amendment immunity" and, therefore, that an individual may bring an action against a state in federal court for an alleged violation of Title VII. *Ussery v. La.*, 150 F.3d 431,

---

[7] With regard to the FLSA, Huggins' complaint states only as follows: "ULM committed numerous violations of the Fair Labor Standards [A]ct by failing to pay Plaintiff Huggins comparable pay." [Complaint, ¶10].

434 (5th Cir. 1998). Accordingly, Huggins' Title VII claim is not barred by sovereign immunity. However, although this Court has subject matter jurisdiction over Huggins' Title VII claim against the University and the Board, the University is not a proper defendant in this case. The underlying statutory authority for the University of Louisiana system states, in pertinent part, that "[t]he University of Louisiana system is composed of the institutions under the supervision and management of the Board of Trustees for State Colleges and Universities as follows ... (5) Northeast Louisiana University at Monroe."[8] La. R.S. 17:3217. The Board has the power to "sue and be sued." La. R.S. 17:3351(A)(2). Moreover, the Fifth Circuit has specifically ruled that "the Board has the right to sue and be sued in its own name, ... the University does not." *Delahoussaye*, 937 F.2d at 148. Therefore, as the University is not a juridical person subject to suit, Huggins complaint fails to state a claim upon which relief may be granted against the University. Thus, it is recommended that Defendants' motion to dismiss on this ground be GRANTED, and that Huggins' claims against the University be DISMISSED with prejudice.[9] It is further recommended that Defendants' motion be DENIED to the extent it seeks costs and attorneys fees.

## CONCLUSION

---

[8] The University was previously known as Northeast Louisiana University. It changed its name to the University of Louisiana at Monroe in 1999. *See Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 702 n.1 (5th Cir. 2005). Also, the Board of Supervisors for the University of Louisiana System was previously known as the Board of Trustees for State Colleges and Universities. *Rushing v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 2008 WL 4200292, *3 n.8 (M.D.La. Sept. 11, 2008)

[9] To the extent that Huggins intends to amend her complaint to allege an Equal Pay Act claim against the University, such claim would also be subject to dismissal based on the University's non-juridical status.

9

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss filed by Defendants [Doc. # 7] be **GRANTED** as to the University of Louisiana at Monroe and that Huggins' claims against the University be **DISMISSED with prejudice**. As to Huggins' claims against the University of Louisiana System Board of Supervisors, it is recommended that the motion to dismiss be **GRANTED** as to Huggins' ADEA claim and that such claim be **DISMISSED without prejudice** for lack of subject matter jurisdiction. It is also recommended that, in the absence of an amendment by Huggins within the ten (10) days granted herein to allege an FLSA claim not barred by sovereign immunity, Defendants' motion to dismiss that claim be **GRANTED** as well, and that such claim be **DISMISSED without prejudice** for lack of subject matter jurisdiction. It is further recommended that the motion to dismiss be **DENIED** as to Huggins' Title VII claim against the Board. Finally, it is recommended that Defendants' motion for costs and attorneys fees be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of January, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE